IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIAS GONZALEZ ALVAREZ, <br> Reg. No. 98726-079, <br><br> Petitioner, <br><br> v. <br><br> ALAN COHEN, WARDEN, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:21-cv-826-MHT-CSC <br> ) <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   Introduction**

This case is before the court on a petition for writ of habeas corpus that was filed by Elias Gonzalez Alvarez pursuant to 28 U.S.C. § 2241. Doc. 1. At the time Alvarez filed this petition, he was a federal inmate in the Maxwell Federal Prison Camp serving a 120-month sentence for possession with intent to distribute approximately 1.01 kilograms of cocaine, with an enhancement for a prior conviction, in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B); and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). His projected release date is February 5, 2026. Doc. 9-1 at 1.

In his petition, Alvarez challenges denial of his release under the CARES Act due to medical issues causing him to be susceptible to COVID-19. Doc. 1 at 2. Specifically, he alleges that he has been denied his due process rights and equal protection under the Constitution due to his denial. *Id.* at 6. He further alleges the prison decision-makers are

not following the CARES Act and related policies in denying his release. *Id*. He also alleges the decision-makers have violated his right to equal protection because they have approved black inmates who are "less eligible" for release under the Act than he is. *Id*. He seeks declaratory relief by an order to Defendant "to process Petitioner for release to home confinement under the CARES Act without any bias or racial animus." *Id.* at. 7. He also asks the court to certify a class. *Id.*

Warden Cohen in response argues that Alvarez's claims are not cognizable under habeas and that this Court lacks the authority to order the BOP to release him to home confinement. Also, Respondent argues this action is due to be dismissed because Alvarez fails to state a constitutional violation. Finally, Respondent argues Alvarez may not bring a class action because he is a pro se litigant.

Alvarez filed a reply to argue that he meets the medical requirements for release and is being denied equal protection under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, § 12003(b)(2) (2020). Doc. 12. The Magistrate Judge concludes that such arguments fail and that the petition is due to be dismissed.

**II.   Discussion**

A writ of habeas corpus is limited to asserting challenges to the fact of confinement, i.e., when a prisoner seeks an immediate or more speedy release. *Prieser v. Rodriguez*, 411 U.S. 475, 485-86 (1973). Therefore, "[a] prisoner sentenced by a federal court . . . may file a petition for a writ of habeas corpus to challenge the execution of his sentence . . . ." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092-93 (11th Cir. 2017) (en banc). Because the undersigned views Alvarez's challenge as going to the

execution of his sentence, the petition is properly brought under 28 U.S.C. § 2241. *See Colon v. Garrett*, No. 7:20-cv-2096-LCB-JHE, 2020 WL 8458831, *2 (N.D. Ala. Sept. 23, 2020).

That the petition is proper for consideration under § 2241, however, does not necessarily mean that relief is available in this instance. Rather, the Eleventh Circuit has held that prisoners have no constitutionally protected interest in the place of confinement. *See e.g., Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018) (discussing *Meachum v. Fano*, 427 U.S. 215 (1976)); *McKune v. Lile*, 536 U.S. 24 (2002). "Prisoners also do not have any have any constitutional right to be released before the expiration of a valid sentence." *United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Alvarez, thus no enforceable constitutional right to home confinement. *See Colon*, 2020 WL 8458831 at *2.

Nor does anything in the CARES Act entitle Alvarez to home confinement. In response to the COVID-19 outbreak, Congress did expand the BOP's home confinement authority as follows:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Pub. L. 116-136, § 12003(b)(2); *see also Colon*, 2020 WL 8458831 at *2-3. Although the Attorney General subsequently made the necessary findings to invoke that expansion,

3

nothing in the CARES Act bestowed <u>the court</u> with authority to determine whether prisoners should be placed in home confinement. *Colon,* 2020 WL 8458831 at *3 (citing *United States v. Young*, No. 16-210-DG-MU, 2020 WL 4678408, *5 (S.D. Ala. Aug. 12, 2020)). It instead is <u>the BOP</u> that possesses exclusive authority "to designate the place of the prisoner's confinement." *See* 18 U.S.C. § 3621(b); *Colon,* 2020 WL 8458831 at *3; *Young*, 2020 WL 4678408 at * 5; *see also United States v. Alvarez*, No. 19-cr-20343-BLOOM, 2020 WL 2572519, *2 (S.D. Fla. May 21, 2020)); *Brown v. Attorney General*, No. 3:20-cv-661-J-32JBT, 2020 WL 4582732, *2 (M.D. Fla. Aug. 10, 2020).

Because the court does not have authority to grant the requested relief, the undersigned concludes that Alvarez's § 2241 petition should be dismissed. *See Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021) (holding that district court properly dismissed § 2241 petition seeking immediate release to home confinement under CARES Act because district court did not have authority to grant requested relief); *Colon*, 2020 WL 8458831 at *2; *Young*, 2020 WL 4678408 at *5. Additionally, the law is well-settled that "a pro se litigant cannot bring an action on behalf of his fellow . . . inmates." *Johnson v. Brown,* 581 F. App'x 777, 781 (11th Cir. 2014) (per curiam) (unpublished) (citing *Timson v. Sampson,* 518 F.3d 870, 873 (11th Cir. 2008) (explaining that 28 U.S.C. § 1654, which permits parties to proceed pro se, provides "a personal right that does not extend to the representation of the interests of others."))

### III.  Conclusion

For the reasons set out above, the undersigned Magistrate Judge RECOMMENDS that Alvarez's petition for writ of habeas corpus be dismissed.

4

It is ORDERED that any objections to this Recommendation must be filed by **February 7, 2025**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

DONE this 24th day of January, 2025.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE